UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE JAMES, CDCR #BB-1457,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SHERIFF BILL GORE; LT. CHRISTINE HARVEL; SGT. BLACKWELL; UNKNOWN DEPUTIES; JOHN/JANE DOE,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:17-cv-0859-AJB-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) [Doc. No. 2]; AND**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |

Kyle James ("Plaintiff"), a prisoner incarcerated at California State Prison - Los Angeles County, located in Lancaster, California, and proceeding pro se, has filed a civil complaint pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 at 1. Plaintiff claims his

constitutional rights were violated when he was previously housed in the San Diego County Jail from 2014 to 2015. (*Id.*)

Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

## I. Plaintiff's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP motion, Plaintiff has submitted a certified copy of his prison trust account statements, as well as a prison certificate, verified by an accounting officer, pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *See* Doc. No. 2 at 4-8; *Andrews*, 398 F.3d at 1119. These statements shows that while Plaintiff had an average monthly deposit of $31.09 and an average monthly balance of 24.93 in his trust account during the 6-month period preceding the filing of his Complaint, he only had an available balance of zero at the time of filing. Therefore, the Court assesses Plaintiff's initial partial filing fee to be $6.22 pursuant to 28 U.S.C. § 1915(b)(1). However, the Court also notes Plaintiff may be unable to pay that initial fee at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, declines to "exact" the initial $6.22 initial filing fee because his prison certificate shows he "has no means to pay it," *Bruce*, 136 S. Ct. at 629, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

///

## II. Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

### A. Standard of Review

If a prisoner's complaint "seeks redress from a governmental entity or officer or employee of a governmental entity," the Court "shall review" the pleading "as soon as practicable after docketing," and "dismiss the complaint, or any portion of the complaint, if [it] . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1); *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014). As noted below, Plaintiff alleges violations of his "federal constitutional rights," *see* Doc. No. 1 at 1, 5, but he seeks redress from private citizens, an attorney, his former home owners' association, and a property management company, none of whom are alleged to be governmental actors. *Id.* at 2. Therefore, § 1915A(a)'s screening provisions do not apply. *See Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) ("Section 1915A mandates early review … for all complaints 'in which a prisoner seeks relief from a governmental entity…'") (quoting § 1915A(a)); *see also Thompson v. Hicks,* 213 Fed. Appx. 939, 2007 WL 106785 at *3 (11th Cir. 2007) (noting that because a private defendant was not a "governmental entity" as described in § 1915A, prisoner's complaint as to that defendant was not subject to dismissal under § 1915A).

Because Plaintiff is proceeding IFP, however, his Complaint *is* still subject to a sua sponte review, and mandatory dismissal, if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief," regardless of whether he seeks redress from a "governmental entity." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall dismiss the case at any time if the court determines that—(A) the allegation of poverty is untrue; or (B) the action or appeal—(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

/ / /

/ / /

### B. Plaintiff's Allegations

Plaintiff was previously housed in the San Diego Central Jail ("SDCJ") on July 23, 2014. (Compl. at 3.) On this day, Plaintiff claims that he was returning from a court appearance when he was handcuffed by unnamed San Diego County Sheriff Deputies. (*Id.*) Plaintiff was accused of "stealing a masterlock." (*Id.*) Plaintiff claims that as a form of punishment, these unnamed Deputies tightened his handcuffs and refused to loosen them when he informed them he was in pain. (*Id.*)

Plaintiff filed a complaint with Defendant Harvel, a lieutenant who handles "internal affairs." (*Id.* at 4.) Plaintiff claims she responded by saying that "once the cuffs were found to be tight, they were loosened." (*Id.*) However, Plaintiff alleges that this statement was "factually untrue" and further claims that Harvel "deliberately destroyed" video evidence of this incident. (*Id.*) Plaintiff claims that his hands are "permanently numb from that injury." (*Id.*)

Plaintiff also alleges Defendant Blackwell, a sergeant, "ignored my pleas for help for over an hour, forcing me to bang my forehead into a "plexi glass" window until it bled." (*Id.* at 7.) As a result, Plaintiff claims his "desperate actions worked to get Blackwell to get the Lieutenant and take off the cuffs so medical staff RN could examine the cuts (injury) to my wrists." (*Id.*)

### C. 42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

/ / /

### D. Duplicative claims

Plaintiff has previously raised some of the same claims in separate actions filed with this Court. A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Here, the Court takes judicial notice of the action Plaintiff has filed in *James v. Lee, et al.* S.D. Cal. Civil Case No. 3:16-cv-01592-AJB-JLB ("*James I*"). In the first complaint filed by Plaintiff in this matter, he alleges the same set of facts as it relates to the July 23, 2014 incident. Specifically, he alleges that when he arrived at SDCJ, after having appeared in court, when he was handcuffed and searched "due to a master lock disappearing." (*Id.*, Doc. No. 1, at 9.) Plaintiff was placed in a holding cell by "John Doe Deputies" and they "misapplied" the handcuffs which "cut deeply" into Plaintiff's wrists and "cut off circulation" to his hands. (*Id.*) Plaintiff claims that "Christine Harvel took no action against staff and Harvel lied in her response claiming deputies loosened cuffs." (*Id.*) Plaintiff's complaint was dismissed by the Court for failing to state a claim upon which relief court be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (*Id.*, Doc. No. 3, at 9.)

When Plaintiff filed his amended pleading, he no longer named Defendant Harvel, but he did allege that he suffered "multiple injuries" while housed at SDCJ from 2014 to 2016. (*Id.*, Doc. No. 6, at 1-3.) Specifically, Plaintiff alleges that his injuries were "inflicted by means of intentional misapplication (misuse) of 'hand-cuffs.'" (*Id.* at 3.) The remainder of Plaintiff's amended pleading raised claims of inadequate medical care for the alleged injuries to his hand. Plaintiff's amended pleading was also dismissed by the Court for failing to state a claim upon which relief court be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (*Id.*, Doc. No. 8, at 8.)

Plaintiff then chose to amend his pleading again. (*Id.*, Doc. No. 9.) In this pleading, Plaintiff again named, among others, Defendant Harvel. (*Id.*, at 1, 2.) In this

pleading, Plaintiff alleges that he suffered from nerve damage in his hands "caused by the Sheriff employees, Lt. Kania, Sgt. Blackwell, Lance Tade and many other deputies who abused me." (*Id.* at 4.) Plaintiff claims "I.A. Lt. Harvel failed to protect me." (*Id.* at 6.) Plaintiff claims that he "attempted to compel videos (video) of July 23rd" but the videos were destroyed by Sheriff Deputies. (*Id.* at 13.) Plaintiff claims that this was due to Harvel who allegedly "covered up the event." (*Id.*) Plaintiff further claims that that the "July 23rd event" involved "Sgt. Blackwell." (*Id.*) Again, Plaintiff's pleading was dismissed by the Court for failing to state a claim upon which relief court be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). (*Id.*, Doc. No. 10, at 7-8.)

Plaintiff has not yet filed an amended pleading in *James I* following the Court's April 7, 2017 Order but he has been provided an extension of time to file an amended pleading. (*Id.*, Doc. No. 13, 20.)

There are claims found in the case before this Court ("*James II*") that Plaintiff has previously raised in *James I*. Plaintiff has not consistently raised claims against Defendants Harvel and Blackwell in the previous matter and it is not clear which case Plaintiff is attempting to pursue these claims. Therefore, the Court will not dismiss the claims in *James II* as duplicative at this stage of the proceedings. However, Plaintiff is cautioned that he may not raise identical claims against the same defendants in both actions and this action could be subject to dismissal as frivolous if he does raise duplicative claims. A prisoner's complaint is considered frivolous under 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted).

E. **Access to Courts claim**

Plaintiff claims that Defendant Harvel denied him access to the courts by "deliberately not saving the video" of the July 23, 2014 incident. (Compl. at 4.) Prisoners have a constitutional right to access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions,

and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference.").

However, Plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. *Harbury*, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417. Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415.

Plaintiff's Complaint fails to allege the actual injury required to state an access to courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. Plaintiff merely speculates that it is "unlikely that I can bring the claims against the Defendants in this action" without the purported video. (Compl. at 4.) Thus, the Court finds that Plaintiff's Complaint fails to include any "factual matter" to show how or why any of the individual Defendants in *this* case caused him to suffer any "actual prejudice" "such as the inability

to meet a filing deadline or to present a claim," with respect to any case. *Lewis*, 518 U.S. at 348;[1] *Jones*, 393 F.3d at 936; *Iqbal*, 556 U.S. at 678.

Thus, because Plaintiff has failed to allege facts sufficient to show that Defendants caused him to suffer any "actual injury" with respect to any non-frivolous direct criminal appeal, habeas petition, or civil rights action he may have filed, *see Lewis*, 518 U.S. at 354, the Court finds Plaintiff's access to courts claims must be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

## F. Respondeat Superior

Plaintiff names Sheriff Bill Gore but provides no factual allegations as to this Defendant. As a result, Plaintiff fails to state a claim upon which § 1983 relief can be granted because he sets forth no individualized allegations of wrongdoing by Sheriff Gore, and instead seeks to hold him vicariously liable for the actions of his deputies. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits," Plaintiff "must plead that each Government-official defendant, though the official's own individual actions, has violated the Constitution.")

Plaintiff's Complaint contains no factual allegations describing what Defendant Sheriff Gore knew, did, or failed to do, with regard to Plaintiff's needs. *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.") "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844

---

[1] Although *Bounds* suggested "that the State must enable the prisoner to discover grievances, *and to litigate effectively once in court*," *Lewis* expressly disavowed such a far-reaching right. 518 U.S. at 354 (emphasis added). Only materials that would ensure meaningful access–the ability to present a claim–are required: "To demand the conferral of sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is effectively to demand permanent provision of counsel, which we do not believe the Constitution requires." *Id.*

F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986).

Thus, without some specific "factual content" that might allow the Court to "draw the reasonable inference" that Sheriff Gore may be held personally liable for any unconstitutional conduct directed at Plaintiff, the Court finds his Complaint, as currently pleaded, contains allegations which *Iqbal* makes clear fail to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 568.

### G. Leave to Amend

A pro se litigant must be given leave to amend his pleading to state a claim unless it is absolutely clear the deficiencies cannot be cured by amendment. *See Lopez,* 203 F.3d at 1130 (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). Therefore, while the Court finds Plaintiff's Complaint fails to state a claim upon which relief can be granted, it will provide him a chance to fix the pleading deficiencies discussed in this Order, if he can. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

## III. Conclusion and Order

For all the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

|   |   |
|---|---|
| 1 | 3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott |
| 2 | Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001. |

      4.    **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which § 1983 relief can granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A;

      5.    **GRANTS** Plaintiff forty-five (45) days leave to file an Amended Complaint which cures all the deficiencies of pleading described in this Order. Plaintiff is cautioned, however, that should he choose to file an Amended Complaint, it must be complete by itself, comply with Federal Rule of Civil Procedure 8(a), and that any claim not re-alleged will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

      6.    The Clerk of Court is directed to mail Plaintiff a court approved form civil rights complaint.

      **IT IS SO ORDERED**.

Dated: July 12, 2017

Hon. Anthony J. Battaglia
United States District Judge